UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

EVAN WARD KNOLL,

        Plaintiff,

v.

MARGARET RUKES,

        Defendant.

Case No. 1:17-cv-1023

Honorable Janet T. Neff

_____/

**OPINION**

      This is an action brought by a federal prisoner proceeding *in forma pauperis*. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss a prisoner action if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for lack of jurisdiction.

**Discussion**

    I.    <u>Factual allegations</u>

      Plaintiff is presently incarcerated at a federal institution in Arkansas. He sues Margaret Rukes, a notary public certified by Van Buren County, Michigan.

      Plaintiff alleges that Latrell Preston forged Plaintiff's signature on a document giving power of attorney to Preston. The allegedly forged signature was notarized by Defendant

Rukes on June 30, 2006, even though Plaintiff did not authorize the signature and was not present when Defendant notarized it. Knoll allegedly used the power-of-attorney document to refinance six properties owned by Plaintiff, without Plaintiff's consent. Plaintiff claims that Rukes committed fraud, perjury, negligence, and engaged in a conspiracy. As relief, Plaintiff seeks damages of over $9 million.

II. Subject Matter Jurisdiction

The Court has original jurisdiction over claims that arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff does not allege any valid federal basis for his cause of action, and the Court discerns none. Plaintiff's claims of fraud, perjury, negligence, and conspiracy arise under state law. Plaintiff cites 18 U.S.C. § 3231 as the basis for the Court's jurisdiction, but that statute simply provides that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." *Id.* Plaintiff's claims do not concern an "offense against the laws of the United States"; thus, § 3231 does not apply. Consequently, the Court does not have jurisdiction under § 1331 or § 3231.

Alternatively, the Court has "diversity" jurisdiction over claims between citizens of different states. 28 U.S.C. § 1332. In this case, however, Plaintiff does not allege that the Court has diversity jurisdiction over his action. Nor has he pleaded the facts necessary to establish diversity jurisdiction. *See Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983) ("To establish diversity jurisdiction, one must plead the citizenship of the corporate and individual parties."). Indeed, it appears that Plaintiff and Defendant are citizens of the same state and, thus, diversity jurisdiction is not available. Diversity jurisdiction exists only when the

Plaintiff is a citizen of a different state than all of the Defendants. *Jerome–Duncan, Inc. v. Auto–By–Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999).

A person's citizenship for purposes of diversity jurisdiction is his place of "domicile." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Domicile is determined by physical presence in a state and either an intention to reside there indefinitely or the absence of an intention to reside elsewhere. *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973). According to the complaint, Defendant's address is in Michigan. Thus, presumably, Defendant is a Michigan citizen.

Plaintiff is incarcerated in Arkansas, but that does not mean that he is a citizen of Arkansas. "[A] person cannot acquire a domicile of choice in a place if he is there by virtue of physical or legal compulsion." *Stifel*, 477 F.2d at 1124. Generally, a prisoner is a citizen of the state where they resided prior to incarceration. *Id.* at 1127 (noting presumption that a prisoner maintains the domicile that existed prior to incarceration); *Bontkowski v. Smith*, 305 F.3d 757, 763 (7th Cir. 2002). Prior to his incarceration, Defendant was a resident of Decatur, Michigan, where he owned and managed several businesses. In his complaint, he states that his "home" was located in Decatur, Michigan. (Compl., ECF No. 1, PageID.2.) Thus, it appears that diversity jurisdiction does not apply because Plaintiff and Defendant are both citizens of Michigan.

In the absence of any discernible basis for jurisdiction, the Court lacks subject matter jurisdiction over this action.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that the action will be dismissed for lack of jurisdiction.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g). *See Cohen v. Corrs. Corp. of Am.*, 439 F. App'x 489, 492 (6th Cir. 2011) (holding that a frivolous assertion of federal jurisdiction can count as a strike under § 1915(g)).

A Judgment consistent with this Opinion will be entered.


Dated:  December 19, 2017           /s/ Janet T. Neff
                                    Janet T. Neff
                                    United States District Judge